McDonald, J.
Plaintiff Alice B. Richmond (“Richmond”) , Trustee of the Marvin F. Richmond Trust, filed this action against defendant Joseph B. Cohan & Associates (“JBC"), seeking to recover damages for a breach of fiduciary duty committed by an employee of JBC. Both parties have moved for summary judgment.
For the following reasons, summary judgment shall enter in favor of JBC.
BACKGROUND
The following facts are undisputed.
JBC is an accounting firm which provides services to the general public. Prior to his death, Marvin F. Richmond hired JBC to provide accounting services for his family’s various financial holdings.
Upon Marvin Richmond’s death, the Marvin F. Richmond Trust, with Alice B. Richmond as Trustee, was created. In or around 1980, JBC assigned John H. Carney (“Carney”), an employee of the firm, to provide accounting services to the Trust.
In the late 1980s, Richmond asked Carney to become co-Trustee of the Trust.[2] Accountants at JBC were permitted to function as Trustees to the trusts they were servicing and JBC often derived a financial benefit from this type of service. In 1991, Carney asked Richmond if the Trust would loan him $200,000.00 for his personal use, to enable him to purchase a boat. Carney never informed Richmond that his personal financial situation was precarious and never discussed with her the advisability of making such a loan.
On April 1, 1992, Carney executed and delivered to the trust a promissory note in the amount of *86 $200,000.00. The note was to be repaid in monthly installments of interest only beginning on May 1, 1992; the principal of the loan was to be due on April 1, 1997.
Carney subsequently resigned from JBC and defaulted upon the loan. On August 1, 1996, judgment entered against Carney in favor of the Trust for the balance due on the note.[3]
Richmond now seeks to hold JBC, as Carney’s employer, vicariously liable for Carney’s breach of fiduciary duty.
DISCUSSION
Both parties ask this Court to grant summary judgment in their favor, as a matter of law, pursuant to Mass.R.Civ.P. 56. A court grants summary judgment when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). “If the moving party establishes the absence of a triable issue, the parly opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion ...” Id.
A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 714 (1991). “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
The dispositive issue in this case is whether Carney’s conduct occurred within the scope of his employment, so as to hold JBC vicariously liable for his actions. JBC claims that it cannot be held liable for Carney’s debt, because Carney was not acting in the scope of his employment at the time he made the loan. Richmond argues, conversely, that it was not the actual making of the loan that constituted Carney’s breach of fiduciary duty, but rather, his service as co-Trustee and concomitant failure to advise the trust that the loan was not a wise investment.
Wang Laboratories, Inc. v. Business Incentives, Inc., 398 Mass. 854 (1986), sets forth a three-prong test to determine whether an employee acted with the scope of employment so as to hold an employer vicariously liable for the employee’s actions: (1) was the employee’s conduct the type of conduct the employee is employed to perform; (2) did the conduct occur within the authorized time and space limits of the employment; and (3) was the conduct motivated, at least in part, by a motive to serve the employer. Id. at 859.
JBC contends that Richmond’s claim for vicarious liability fails on the first and third factors set forth in the Wang decision. It claims that it was not usual practice for one of their employees to take an unsecured personal loan from a trust which the employee was servicing, and further that there is no evidence that JBC benefitted in any way from Carney’s conduct. For these reasons, JBC claims that it cannot be held vicariously liable for Carney’s conduct.
Richmond argues, however, that if the Wang factors are applied to the instant case, vicarious liability is conclusively established. She argues (1) that Carney’s service as co-trustee was encouraged by the firm and was the kind of service that JBC’s accountants were expected to perform, and (2) that his assumption of the Trustee role was, at least in part, a benefit to his employer by the continued business that would flow to JBC.
Richmond’s argument in support of vicarious liability misses a crucial point: the breach of fiduciary duty that occurred in this case occurred when Carney made an unsecured personal loan from the trust to himself. That conduct clearly is not the type of service JBC, or any other accounting firm, would expect its accountants to perform. Moreover, Carney’s conduct in making the loan, which was to enable him to purchase a boat, was motivated by entirely personal reasons. The loan had no beneficial impact on JBC, and in fact had detrimental impact through JBC’s loss of a valuable long-standing client. Accordingly, this Court concludes that Richmond’s claim for vicarious liability fails on the first and third prongs set forth in Wang and JBC is therefore entitled to summary judgment in its favor.[4]
In light of this Court’s decision, Richmond’s motion for summary judgment, which sets forth no arguments distinct from those discussed above, must be denied.
ORDER
For the foregoing reasons, it is ORDERED that JBC’s motion for summary judgment is ALLOWED. It is further ORDERED that Richmond’s motion for summary judgment is DENIED.

The parties dispute the point in time at which JBC became aware that Carney was named co-Trustee. Richmond claims that Carney sought approval from JBC prior to being named co-Trustee; JBC’s president contends that he was not aware Carney was named co-Trustee until 1995. Although this fact is disputed, it is not material to the inquiry here.

On July 25, 1996, Carney filed bankruptcy, however, he entered into an agreement that judgment should enter against him on Richmond’s loan due to his fraudulent conduct.

JBC also argues, in support of summary judgment, that the three-year statute of limitations on an action for breach of fiduciary duty expired prior to the filing of this suit by Richmond. JBC claims that the breach of duty by Carney *87 occurred at the time of the making of the loan in 1992, and therefore this action, filed five years later in 1997, is time-barred. Richmond argues, however, that the trust had no reason to know of Carney’s breach of fiduciary duty until he defaulted on the loan in 1995, and therefore the discovery rule would operate to toll the statute of limitations.
The discovery rule provides that “if [an] action is based on an inherently unknowable wrong, it accrues when the injured party knew, or in the exercise of reasonable diligence, should have known of the factual basis for a cause of action. Gore v. Daniel O’Connell’s Sons, Inc., 17 Mass.App.Ct. 645, 647 (1984), and cases cited. Although it is not necessary to conclusively determine this issue, this Court is of the opinion that the discovery rule could have application to the circumstances of this case.